EMMA RILEY, as Administratrix of the Estate of WILLIAM RILEY, Deceased, Respondent, v. AGWILINES, INC., Appellant.— Judgment affirmed, with costs. No opinion. Present — Martin, P. J., Townley, Glennon, Callahan and Peck, JJ.; Martin, P. J., and Peck, J., dissent in memorandum as follows: We dissent and vote to reverse the judgment and order a new trial on the ground that it was error to charge the defendant absolutely with responsibility for the conditions which caused the accident, one of which, the open hatch, was the creation of the stevedores, and the other, a withdrawal of the light and leaving the hatch in darkness, may have been the act of a stevedore or of defendant's mate, but which was not determined by the verdict. The trial court, in its opinion denying the motion to dismiss, properly observed that the place of work furnished by defendant was safe and remained so until the stevedores removed the hatch covers and the place was left in darkness. Under the circumstances, liability could be fastened upon the defendant only if one of its agents withdrew the light and thus participated in creating the dangerous condition, or if, as the court suggests in its opinion but did not leave for jury determination, the creation of the dangerous condition could reasonably be foreseen by the defendant as apt to happen. The analogy of the public liability cases, stressed in the opinion of the court, is hardly applicable, but if it were the question would be for the jury whether the work was inherently dangerous so that the defendant would have a nondelegable duty to see that it was carefully done. Rather, the questions should have been left to the jury to determine whether the light was withdrawn by defendant's mate or by a stevedore, and if by the latter, whether his negligence could reasonably have been foreseen by the defendant so that the defendant should have guarded against it.

LEE ADELSON et al., Respondents, v. GEORGE DREYMAN et al., Appellants, et al., Defendants.— There is an issue presented upon this appeal as to whether the referee disqualified himself and we refer said issue to an official referee to hear and report to this court. The determination of this appeal will be held in abeyance meanwhile. Settle order on notice to the parties and to the referee. We direct that the appeal from the order fixing the costs and allowances be presented for argument at the term during which the official referee's report is filed. Present — Martin, P. J., Dore, Cohn, Callahan and Peck, JJ.

MIMI E. PRESTON, Respondent, v. INTERNATIONAL TELEPHONE BUILDING CORPORATION, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Martin, P. J., Townley, Glennon, Callahan and Peck, JJ.

CHARLES M. SIEGFRIED, Appellant-Respondent, v. PIERREPONT I. PRENTICE, Respondent-Appellant.— Judgment unanimously modified by reducing the same to $2,500, with interest and costs, and as so modified affirmed, with costs of this appeal to the defendant to be credited on said judgment. No opinion. Settle order on notice. Present — Martin, P. J., Townley, Glennon, Callahan and Peck, JJ.